UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VICTOR RIOS, on behalf of himself and      :
all others similarly situated,             :     05 Civ. 10290 (SHS)
                                           :
            Plaintiff,                     :
                                           :     <u>OPINION</u>
        -against-                          :
                                           :
PINNACLE FINANCIAL GROUP, INC.,            :
                                           :
            Defendant.                     :
------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

  The Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692o, requires debt collectors to provide a consumer debtor with a notice setting forth certain rights the debtor possesses. These rights include the right to dispute the validity of the debt and to require the debt collector to obtain verification of the debt and then mail a copy to the debtor. Plaintiff Victor Rios, suing on behalf of an unspecified class, claims that a debt collection letter sent to him by defendant Pinnacle Financial Group, Inc., a debt collection agency, violated this mandate by misleadingly masking information regarding his right to request validation of the debt in lieu of paying immediately. Rios contends that the substance of the letter implied that he had no choice but to pay the alleged debt and that the letter's format similarly disguised information regarding his rights.

  Defendant has now moved to dismiss the complaint, claiming that Rios has not stated a claim upon which relief can be granted. Having closely examined Rios's complaint and the debt collection letter itself, the Court concludes that that letter does not

violate the FDCPA and therefore that Rios's claim, based as it is upon that letter, must be dismissed.

I.     Background

The facts as set forth in the complaint are as follows:

At some point prior to July 19, 2005, Rios's past due account at Citibank was given to Pinnacle for collection. (Complaint ¶¶ 9-10.) On July 19, Pinnacle sent Rios a debt collection letter. (Id. ¶ 10.) A copy of the letter is attached to Rios's complaint and is also appended to this Opinion. The top portion of the letter contains information regarding how to pay the outstanding balance and is to be detached by the recipient and returned with payment. In the middle of the letter, underneath a banner labeled "YOUR ACCOUNT HAS BEEN RECEIVED FOR COLLECTION," the following is written:

> Dear VICTOR RIOS:
> Please be advised that the below referenced claim has been placed with us for collection by ATLANTIC CREDIT & FINANCE, which has acquired a CITIBANK portfolio, and as such, my firm is handling the collection of your CITIBANK (sic).

Below this appear the words "Here is what you can do next," succeeded by a box containing three options:

1. Detach the upper portion of this letter and return with payment using the enclosed envelope.
   OR
2. Please contact our office at 1-800-603-9465 to explore the options that are available to you.
   OR
3. You may use any of the following services to pay:

Below that appear five icons, including three credit card icons, a Western Union icon and a "Check by Phone" icon. At the bottom of the letter is a large box containing Rios's Citibank account information. Below that box are Pinnacle's hours of

operation, and below the hours, in capital letters as large as any on the page, is the phrase "NOTICE: SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION." The reverse side consists of four paragraphs of type, including one regarding the debtor's right to dispute the validity of the debt within 30 days and thereby require Pinnacle to obtain verification of the debt and mail a copy to the consumer debtor.

After receiving this letter, Rios filed the present action, which defendants have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

II.     DISCUSSION

   A.   *Legal Standard*

The Court can grant a Rule 12(b)(6) motion only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Drake v. Delta Air Lines, Inc., 147 F.3d 169, 171 (2d Cir. 1998) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)) (quotation marks omitted). In reviewing a motion to dismiss, the court must treat all of the factual allegations in the complaint as true and must draw all reasonable inferences in favor of the non-moving party. Ganino v. Citizens Utils. Co., 228 F.3d 154, 161 (2d Cir. 2000); Lee v. Bankers Trust Co., 166 F.3d 540, 543 (2d Cir. 1999). In resolving the motion, the Court can examine the contents of the complaint as well as documents attached to it.[1] Newman & Schwartz v. Asplundh Tree Expert Co., 102 F.3d 660, 662 (2d Cir. 1996).

---

[1] Rios contends that because his complaint claims that he received a debt collection letter that violated the requirements of the FDCPA, he has stated a claim that therefore cannot be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). However, the Court can consider the attached collection letter itself to determine whether that letter – the very subject of Rios's entire complaint – violates the FDCPA and accordingly whether Rios has stated a legal claim. Indeed, it is not uncommon for district courts to resolve such FDCPA claims as this one pursuant to Rule 12(b)(6). See, e.g., Foti v. NCO Fin. Sys., 424 F. Supp. 2d 643, 666 (S.D.N.Y. 2006); Omogbeme v. Risk Mgmt. Alternatives, Inc., No. 01-Civ.-7571, 2003 U.S. Dist. LEXIS 25781, at *10 (S.D.N.Y. Aug. 4, 2003). (cont'd.)

*B. Plaintiff's FDCPA Claim*

Section 1692g of the FDCPA governs the legal responsibilities of collection agencies in notifying debtors about the nature of their debt. 15 U.S.C. § 1692g. Specifically, collection agencies must send the consumer a written notice containing (i) the amount of the debt; (ii) the name of the creditor to whom the debt is owed; (iii) a statement that the debt's validity can be disputed by the consumer within 30 days and that if the consumer does not do so, it will be presumed; (iv) a statement that, if the consumer disputes the validity of the debt, the agency will obtain verification of the debt and mail a copy of the verification to the consumer; and (v) a statement that, if requested, the agency will provide the consumer with the name and address of the original creditor. Id.; see also Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996).

Section 1692(e), which prohibits the use of a "false, deceptive, or misleading representation or means in connection with the collection of any debt" applies to the requirements of section 1692g. See 15 U.S.C. § 1692e; Sorey v. Computer Credit, Inc., No. 05 Civ. 6052, 2006 U.S. Dist. LEXIS 46618, at *2-3 (S.D.N.Y. July 7, 2006). In other words, a debt collection agency cannot supply the information required by section 1692g in a false or misleading fashion.

In applying these rules, the United States Court of Appeals for the Second Circuit has held that sections 1692g and 1692e are violated when the "least sophisticated consumer" would not understand the information supplied him. See Russell, 74 F.3d at

---

Pinnacle has moved in the alternative for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), which "permit[s] the summary disposition of cases that do not involve any substantive dispute that justifies trial." Fortunet v. Chater, No. 94 Civ. 8274, 1996 U.S. Dist. LEXIS 5655, at *1 (S.D.N.Y. April 30, 1996) (citing 5A Alan Wright & Arthur Miller, Federal Practice and Procedure § 1369). Since the standards employed in disposing of a Rule 12(c) motion are the same as those employed pursuant to Fed. R. Civ. P. 12(b)(6), Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994), the analysis below would be the same were the Court to consider this motion pursuant to Rule 12(c) instead of Rule 12(b)(6).

34. Specifically, when a collection communication contains language that "overshadows or contradicts" the information regarding debtors' rights, the letter will confuse the least sophisticated debtor and therefore violates the FDCPA. Id. at 34 (citing Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991)). A notice is "overshadowing" or "contradictory" "if it fails to convey the validation information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights." Savino v. Computer Credit, Inc., 164 F.3d 81, 85 (2d Cir. 1998).

Pinnacle asserts that the letter it sent Rios, containing as it did the requisite debtors' rights information, was not misleading. Rios, on the other hand, alleges that the information regarding his rights – and in particular his right to request validation of the debt – is "overshadowed" in form and substance by the remainder of the letter. Specifically, Rios notes that the front of the letter employs different fonts, as well as several corporate icons representing payment options which, he claims, distract the reader from the reference at the bottom of the page to the letter's reverse side, which contains the statement that he has the right to contest the validity of the debt.

In addition, he points out, the validation notice does not appear on the reverse side until the second paragraph of a lengthy passage, which Rios contends amounts to a "further manifestation of defendant's intentional and conscious effort to overshadow and contradict the plaintiff's important rights." (Plaintiff's Response to Motion to Dismiss dated Feb. 14, 2006, at 8.) Finally, the complaint alleges that the letter is substantively misleading because none of the three options for the consumer listed on the front side refer to the consumer's right to request validation of the debt prior to being required to pay it.

*C. Analysis*

The letter at issue is substantially less deceptive or manipulative in form and format than those that courts have found to violate the FDCPA. For example, in Rabideau v. Management Adjustment Bureau, 805 F. Supp. 1086 (W.D.N.Y. 1992), which Rios cites, the notice directing the reader to the reverse side was set in smaller typeface than the remainder of the letter, including the large block-lettered payment information; additionally, the letter was perforated and the two notices – one directing the reader to the reverse side and the other, on the reverse side itself, containing validation information – were on different sides of the perforation. Id. at 1093-94. Similarly, in Miller v. Payco-General American Credits, Inc., 943 F.2d 482 (4th Cir. 1991), which Rios also relies on, the letter purposefully accentuated the words "immediate payment" by placing them in two-inch tall lettering. Id. at 484. And in Ost v. Collection Bureau, Inc., 493 F. Supp. 701 (D.N.D. 1980), the front of the letter did not state that information was located on the reverse side, and the information regarding debtors' rights was printed in smaller typeset than the remainder of the letter. Id. at 702-03.

Here, on the other hand, the language in Pinnacle's letter directing Rios to the reverse side is printed at least as large as any other language on the page, and is accented in capitals. The validation notice is similarly printed as large as is all other information on that page. And the information regarding payment options is not bolded or italicized in any manner that stands out when contrasted with the information regarding debtors' rights. That the latter information appears on the reverse side does not, on its own, violate the FDCPA. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 310 (2d Cir. 2003). Finally, Pinnacle's decision to place credit card and payment icons on the

6

letter does not prevent even the least sophisticated reader from recognizing that there is important information on the back.

The substance of the letter similarly does not overshadow the information regarding Rios's right to require Pinnacle to verify the validity of the debt. The front of the letter advises Rios that his account has been placed for collection and notes methods of paying the debt; it then directs the reader to "important consumer information" on the reverse side, where the validation information can be found.

The complaint alleges that the letter implies that the debt must be paid regardless of the debtor's right to request validation because after noting "here is what you can do next" on the front, Pinnacle prints only three options, all dealing with payment and none of which mention the right to obtain validation of the debt. In <u>Miller v. Wolpoff & Abramson, L.L.P.</u>, 321 F.3d 292 (2d Cir. 2003), however, the Second Circuit found that a similar collection letter did not violate the FDCPA. The panel in <u>Miller</u> noted that "[w]hile the options detailed on the bottom of the letter do not include requesting validation of the debt," the notice directing the reader to the reverse side, in large print and capital letters, was sufficient to apprise the reader of his right to seek validation before payment, especially because the letter did not suggest that immediate payment was necessary.[2] <u>Id.</u> at 310. Similarly, Pinnacle's list of payment options on the front side of the letter is insufficient to overshadow the validation information on the backside, since the recipient is directed to "see reverse side" for "important consumer information."

---

[2] It is true that the letter in <u>Miller</u> informed the reader to turn the page "before responding to this letter," whereas the letter at issue here only notes that "important consumer information" is located on the reverse side. While the <u>Miller</u> language is preferable, the "lease sophisticated consumer" here was sufficiently alerted to the existence of important information on the reverse side such that he could be expected to read it before paying the debt.

This is especially so given that the payment options were preceded by the phrase "here is what you can do next," which does not demand immediate payment or threaten legal action if payment is not forthcoming. Cf. Savino, 164 F.3d at 86 ("[Defendant's] violation of the Act consisted of its decision to ask for immediate payment without also explaining that its demand did not override the consumer's rights under Section 1692g to seek validation of the debt."); Barlett v. Heibl, 128 F.3d 497, 500 (7th Cir. 1997) ("In the typical case, the letter both demands payment within thirty days and explains the consumer's right to demand verification within thirty days. These rights are not inconsistent, but by failing to explain how they fit together the letter confuses."); Foti v. NCO Fin. Sys., 424 F. Supp. 2d 643, 662 (S.D.N.Y. 2006) (noting that "a number of cases have found violations of the FDCPA where a written notice includes the words 'immediate attention' or similar language suggesting an urgency to resolution of the debt"). Rather than demanding immediate payment, Pinnacle's letter simply presents options for payment while noting that the debtor has the right to seek validation within 30 days, which is fully in keeping with the dictates of 15 U.S.C. §§ 1692g and 1692e.

III. CONCLUSION

As set forth above, the debt collection letter did not violate the FDCPA in form or substance. Accordingly, Pinnacle's motion is granted and the complaint should be dismissed.

Dated: New York, New York
August 22, 2006

Sidney H. Stein, U.S.D.J.

8

# APPENDIX

Dept 673
PO Box 4115
Concord, CA 94524

July 19, 2005

Address Service Requested

#BWNFTZF #PCG9195379505077#

VICTOR RIOS
PO BOX 925
BRONX NY 10451-0925

| IF PAYING USING CHECK BY PHONE PLEASE INCLUDE YOUR ABA AND ROUTING INFORMATION: | | | |
|---|---|---|---|
| IF PAYING BY MASTERCARD, VISA, OR DISCOVER FILL OUT BELOW. | | | |
| Check Card Using For Payment | ☐ | ☐ | ☐ |
| Reference #: FV7354 | Balance Due: $2916.60 | | Statement Date: July 19, 2005 |
| Card Number | | | Amount |
| Signature | | | Exp. Date |

**PINNACLE FINANCIAL GROUP**
7825 Washington Ave S Ste 410
Minneapolis, MN 55439-2409

***Detach Upper Portion and Return with Payment***

## YOUR ACCOUNT HAS BEEN RECEIVED FOR COLLECTION

Dear VICTOR RIOS:

Please be advised that the below referenced claim has been placed with us for collection by ATLANTIC CREDIT & FINANCE, which has acquired a CITIBANK portfolio, and as such, my firm is handling the collection of your CITIBANK.

Here is what you can do next:

1) Detach the upper portion of this letter and return with payment using the enclosed envelope.

   OR

2) Please contact our office at **1-800-603-9465** to explore the options that are available to you.

   OR

3) You may use any of the following services to pay:

   WESTERN UNION QUICK COLLECT      **CHECK BY PHONE** is ACCEPTED

Sincerely,

 PINNACLE FINANCIAL GROUP
Collector # 1-800-603-9465


A.C.A.
The Association of Credit and Collection Professionals

| Creditor | Account # | Current Balance |
|---|---|---|
| CITIBANK | 6011617214601960 | 2916.60 |

Balance Due................> $2916.60

Hours of Operation: Monday - Friday 7a.m. to 11p.m. CST • Saturday 8a.m. to 12p.m. CST • Sunday 4p.m. to 8p.m. CST

NOTICE: SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION

PCGA3-7109203739-TJ9G-2 3739

When you provide a check, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process this transaction as a check. When we use your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the date written on the check and you will not receive your check back from your financial institution.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after reviewing this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This letter is an attempt to collect a debt, and any information obtained will be used for that purpose. This communication is from a debt collector. This collection agency is licensed by the State of Minnesota Department of Commerce.

This collection agency is licensed in New York City, License Number 1129611 under the trade name PFG of Minnesota.